UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHANTEE JOHNSON,

                Plaintiff,                 **MEMORANDUM & ORDER**
                                                        22-CV-5759 (NRM) (LB)

    -against-

VERNON ALLICK; RACHEL WEISMAN;
ELLIOT BLUMENTHAL; EVERETT HOPKINS,

                Defendants.
------------------------------------------------------------X
NINA MORRISON, United States District Judge:

      Pending before the Court is Defendants' motion to dismiss Plaintiff Chantee Johnson's *pro se* action seeking damages and a satisfaction of judgment in a Queens County state court action involving real property against Defendants. For the reasons discussed below, Defendants' motion is granted, and the complaint is dismissed for lack of subject matter jurisdiction.

## FACT AND PROCEDURAL HISTORY

      On September 27, 2022, Plaintiff Chantee Johnson brought this action seeking damages and a satisfaction of judgment to remove a *lis pendens* against Plaintiff's real property located at 138-05 231st Street in Laurelton, New York, stemming from a Queens County state court action in which Defendants were involved. ECF Nos. 1 at 5–6; 1-2 at 12, 32, 35, 37. After this action was reassigned from the Honorable Dianne Gujarati to this Court on October 26, 2022, *see* Text Order dated October 26, 2022, the Court scheduled a pre-motion conference in

1

anticipation of Defendants' motion to dismiss this action for lack of subject matter jurisdiction.  ECF No. 8.

At the pre-motion conference, the Court concluded that the parties might be able to resolve this matter given Defendants' stated willingness to provide Plaintiff with the stipulation she needed to remove the *lis pendens* from Plaintiff's property, thereby obviating the need for this Court to rule on Defendants' anticipated motion. The Court advised the *pro se* Plaintiff that a serious question existed as to whether this Court has jurisdiction over this matter at all, since Plaintiff's complaint asserts state, rather than federal, causes of action, and the parties were non-diverse, but that the Court would reserve judgment on Defendants' motion and maintain jurisdiction over this action for purposes of facilitating a potential resolution among the parties. *See* Minute Entry dated December 23, 2022.  The Court referred all non-dispositive matters in this action to Magistrate Judge Bloom on December 21, 2023.  *See* Referral Order dated December 23, 2022.

On February 22, 2023, Magistrate Judge Bloom met with the parties in an attempt to facilitate the execution of a stipulation, to be filed in state court, which would remove the *lis pendens* from Plaintiff's property, thereby granting Plaintiff much of the relief she sought.  ECF No. 26.  During that conference, Plaintiff represented to the Court that, if Defendants filed this stipulation, Plaintiff would voluntarily withdraw this action. *See* ECF Nos. 26 at 1; 30 at 1.  Although Defendants so filed on March 14, 2023, *see* ECF No. 31, Plaintiff informed the Court on May 19, 2023 that she "will not voluntarily close this case" and intended to seek


damages for, among other things, the pain and suffering she alleges that she endured while the *lis pendens* remained on her property. ECF No. 33 at 1.

In light of this impasse, the Court ordered Plaintiff on June 1, 2023 to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 36. Plaintiff filed her response to the Court's order on June 20, 2023. ECF No. 37. Defendants filed a letter on June 28, 2023 renewing their motion to dismiss. ECF No. 38.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

A district court must dismiss a case if it determines that the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); *Arbaugh v. Y & H Corp.*,

546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d 697, 700–01 (2d Cir. 2000). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where the "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (quotation marks omitted).

4

Plaintiff's allegations fail to assert a basis for the Court to exercise federal question jurisdiction. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when the "well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey,* 368 F.3d at 113 (citation and quotation marks omitted).

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not suggest any basis for the exercise of subject matter jurisdiction. Plaintiff's claims do not arise under the Constitution or any federal laws.[1] *See* 28 U.S.C. § 1331. In response to the Court's order to show cause for why this case should not be dismissed for lack of subject matter jurisdiction, Plaintiff re-iterated her claims of,

---

[1] To the extent Plaintiff's claims could be construed to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, her claim fails because under Section 1983, individuals may only bring a cause of action against persons "acting under color of state law." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 41 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). Plaintiff does not set forth any facts to suggest that defendants are state actors or acted in concert with any state actor. *See also Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (describing judicial immunity for "administrative officials performing functions closely associated with the judicial process"); *Parent v. New York*, 786 F. Supp. 2d 516, 535 (N.D.N.Y. 2011) ("The doctrine of quasi-judicial immunity extends absolute immunity to certain [actors] who perform functions closely associated with the judicial process." (citation and quotation marks omitted)).

5

among other things, fraud, malpractice, and negligence, but these causes of action all arise under state law.  ECF No. 37 at 2.  Although Plaintiff makes passing reference in the same letter to the Fair Credit Reporting Act and "FTC," which may refer to the Federal Trade Commission Act, Plaintiff does not explain how either of these acts apply to her action.  ECF No. 37 at 2.  The Court therefore lacks federal question jurisdiction can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence.  *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019).  Here, Plaintiff fails to establish that this Court has diversity jurisdiction over this action because her citizenship is the same as Defendants'.  *See* ECF No. 1 at 2-3.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ .P. 12(h)(3). The Clerk of Court is directed to enter judgment and close this case.

6

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend her complaint but finds that amendment would be futile.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).  Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                               _/s/ NRM_____
                                               NINA R. MORRISON
                                               United States District Judge

Dated:        July 19, 2023
                 Brooklyn, New York